JRB (58605-76)                                                                ARDC #6278964

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MARIA CARDENAS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| THE KROGER CO. and ROUNDY'S | ) | |
| ILLINOIS, LLC d/b/a MARIANO'S | ) | |
| | ) | |
| Defendant. | ) | |

## <u>NOTICE OF REMOVAL</u>

Pursuant to *Title 28 U.S.C. § 1441, et seq. and 28 U.S.C. § 1332,* Defendants, The

KROGER CO. and ROUNDY'S ILLINOIS INC. d/b/a MARIANO'S, incorrectly sued as

The Kroger Co. d/b/a MARIANO'S, by and through their counsel, and hereby give notice of

the removal of the above-captioned action from the Circuit Court of Will County, Case No. 2022

LA 000237, to the United States District Court for the Northern District of Illinois, Eastern

Division, and in support thereof, state the following:

1.     This action is being removed to federal court based upon the diversity of citizenship

of the parties to this cause, and the existence of the requisite amount in controversy, as is also

more fully stated below.

2.     On or about April 11, 2022, Plaintiff Maria Cardenas initiated the above-captioned

lawsuit by filing a Complaint entitled *Maria Cardenas v. The Kroger Company and Roundy's*

*Illinois, LLC, a foreign corporation d/b/a MARIANO'S, incorrectly sued as The Kroger Co. d/b/a*

*Mariano's,* in the Circuit Court of Will County, Illinois. A copy of the Complaint is attached

hereto as **<u>Exhibit 1</u>**, and it is incorporated herein by reference.

1.     On or about April 22, 2022, service was made upon the Defendants as attached hereto as **Exhibit 2**.

2.     The United States District Court for the Northern District of Illinois, Eastern Division, has jurisdiction over the above-captioned lawsuit pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 for the following reasons:

a.     Plaintiff Maria Cardenas at the time the lawsuit was commenced and at all relevant times, has presumably been a resident and citizen of the State of Illinois;

b.     Defendant Roundy's Illinois Inc. d/b/a Mariano's, incorrectly sued as The Kroger Co. d/b/a MARIANO'S at the time the lawsuit was commenced and at all relevant times, has been a Wisconsin corporation with its principal place of business in Wisconsin making it a citizen of the State of Wisconsin;

c.     Defendant The Kroger Co. at the time the lawsuit was commenced and at all relevant times, has been an Ohio Corporation with its principal place of business located in the State of Ohio making it a citizen of the State of Ohio;

d.     According to the allegations contained in Plaintiff's Complaint herein, the amount of damages sought in this action by Plaintiff is in an amount in excess of the Circuit Court of Will County's minimal jurisdictional limit of $50,000.00. Plaintiff Maria Cardenas claims that she "was injured; incurred expenses of necessary medical care, treatment and services; experienced and continues to experience pain and suffering and experienced and continues to experience loss of a normal life and lost wages from his (sic) employment." (Exhibit 1, ¶ 15) Such allegations are sufficient to trigger the duty to remove the case. *McCoy v. General Motors Corp.*, 226 F. Supp. 2d 939 (N.D. Ill. 2002); *Varkalis v. Werner Co. & Lowe's Home Ctr.*, No. 10 C 03331, 2010 U.S. Dist. LEXIS 84870 (N.D. Ill. Aug. 18, 2010), a copy of which decision is attached hereto as **Exhibit 3**.

e.     Based upon the foregoing, it is Defendants' good-faith belief that while liability, causation, and damages will be contested, the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs;

f.     Defendant Roundy's Illinois Inc. d/b/a Mariano's, incorrectly sued as The Kroger Co. d/b/a Mariano's and The Kroger Company, by and through their counsel, consent to the removal of this action;

      g.     This Notice of Removal is being filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, within thirty (30) days of service of the Summons and Complaint upon each Defendant;

      h.     Because complete diversity exists and the minimum $75,000.00 threshold is satisfied, diversity jurisdiction exists and this action is properly removable pursuant to 28 U.S.C. § 1441(a).

3.     Defendant will provide a copy of the original Notice of Removal with the Clerk of the Circuit Court of Will County, Illinois.

WHEREFORE, Defendants Roundy's Illinois Inc. d/b/a Mariano's, incorrectly sued as The Kroger Co. d/b/a MARIANO'S and The Kroger Company, respectfully requests that this case proceed before the United States District Court for the Northern District of Illinois as an action properly removed.

Dated: May 24, 2022

Respectfully submitted,

Jennifer R. Beegle
MOLZAHN, REED & ROUSE, LLC
17 North State Street, Suite 1590
Chicago, IL 60602
T: (312) 553-8633
F: (312) 917-1851
ARDC #6278964
jrb@m2rlaw.com

**ROUNDY'S ILLINOIS INC. d/b/a MARIANO'S, and The Kroger Company, Defendants**

By: */s/Jennifer R. Beegle*
       One of Its Attorneys

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
2022LA000237
Filed Date: 4/11/2022 11:45 AM
Envelope: 17443276
Clerk: RME

IN THE CIRCUIT COURT OF THE 12TH JUDICIAL CIRCUIT
WILL COUNTY, JOLIET, ILLINOIS

MARIA CARDENAS,                          )
                    Plaintiff,           )
                                         )   No. 2022LA000237
        vs.                              )
                                         )
THE KROGER CO. d/b/a MARIANO'S           )
                    Defendant.           )

## COMPLAINT AT LAW

Plaintiff, Maria Cardenas, by and through her attorneys, Sklare Law Group, Ltd., and

complains of Defendant, The Kroger Co. d/b/a Mariano's, as follows:

1.  On or about May 25, 2020, and at all times relevant, The Kroger Co. was and

remains a corporation, duly organized and existing under and by virtue of the laws of the State of

Illinois, and was a doing business as a retail store located at 950 Brook Forest Avenue, in the City of

Shorewood, County of Will, State of Illinois.

2.  On or about May 25, 2020, and at all times relevant, The Kroger Co. was doing

business as Mariano's.

2.  On or about May 25, 2020, and for some period of time prior to May 25, 2020,

The Kroger Co. d/b/a Mariano's, managed the premises located at 950 Brook Forest Avenue, in the

City of Shorewood, County of Will, State of Illinois.

3.  On or about May 25, 2020, and for some period of time prior to May 25, 2020, The

Kroger Co. d/b/a Mariano's, operated the premises located at 950 Brook Forest Avenue, in the City

of Shorewood, County of Will, State of Illinois.

4.  On or about May 25, 2020, and for some period of time prior to May 25, 2020, The

Kroger Co. d/b/a Mariano's, occupied the premises located at 950 Brook Forest Avenue, in the City

of Shorewood, County of Will, State of Illinois.

**EXHIBIT**

_1_

1

Initial case management set for
08/01/2022                          at: 9:00          a.m.

5.    On or about May 25, 2020, and for some period of time prior to May 25, 2020, The Kroger Co. d/b/a Mariano's, controlled the premises located at 950 Brook Forest Avenue, in the City of Shorewood, County of Will, State of Illinois.

6.    On or about May 25, 2020, and for some period of time prior to May 25, 2020, The Kroger Co. d/b/a Mariano's, maintained the premises located at 950 Brook Forest Avenue, in the City of Shorewood, County of Will, State of Illinois.

7.    On or about May 25, 2020, Plaintiff, Maria Cardenas was legally and lawfully on or about the premises, and was legally and lawfully walking on, about, and upon the surface.

8.    On or about May 25, 2020, and for some period of time prior to May 25, 2020, and at all times, it was the duty of The Kroger Co. d/b/a Mariano's, by and through its agents and employees, to exercise ordinary care to see that the premises was reasonably safe for persons, like Plaintiff, legally and lawfully on or about the premises.

9.    On or about May 25, 2020 and for some period of time prior to May 25, 2020, and at all relevant times, it was the duty of The Kroger Co. d/b/a Mariano's, by and through its agents and employees, to exercise ordinary care in the management, operation, occupation, control, and maintenance of the premises, so that the premises would be in a good, safe and proper condition for persons, like Plaintiff, legally and lawfully on the premises, so as not to cause harm and injury to such persons.

10.    On or about May 25, 2020, and for some period of time prior to May 25, 2020, water was on the ground near the meat department, which presented an unreasonable risk of harm to persons, like Plaintiff, legally and lawfully on the premises.

11.    On or about May 25, 2020 and for some period of time prior to May 25, 2020, The Kroger Co. d/b/a Mariano's. knew, or in the exercise of ordinary care should have known of the water leaking from the cooler, and the risk it presented to persons, like Plaintiff, legally and lawfully on the premises.

2

12. On or about May 25, 2020, and for some period of time prior to May 25, 2020, The Kroger Co. d/b/a Mariano's should reasonably expect that persons, like Plaintiff, legally and lawfully on the premises, would not discover or realize the danger from the water.

13. On or about May 25, 2020, and for some period of time prior to May 25, 2020, in violation of its described duties to exercise ordinary care, The Kroger Co. d/b/a Mariano's, by and through its agents and employees, acted or failed to act in one or more of the following ways, amounting to careless and negligent conduct:

    a. Improperly managed, operated, occupied, controlled, and/or maintained the premises, so that as a direct result Plaintiff was injured;

    b. Improperly managed, operated, occupied, controlled, and/or maintained the premises, such that no signs were posted alerting patrons of the water leaking from the cooler;

    c. Failed to properly inspect the premises, to be certain that the premises was in a proper and safe condition for persons, like Plaintiff, legally and lawfully on the premises;

    d. Failed to warn Plaintiff and others of the unsafe, dangerous, defective, and hazardous condition of the water leaking from the cooler;

    e. Failed to provide Plaintiff a safe surface to walk upon;

    f. Failed to clean the water on the floor;

    g. Failed to repair the cooler;

    h. Were otherwise careless or negligent.

14. As a direct and proximate result of one or more of the foregoing careless and negligent acts of The Kroger Co. d/b/a Mariano's by and through its agents and employees, and as a direct and proximate result of the unsafe, dangerous, defective, and hazardous condition, Plaintiff was caused to slip and fall.

15. As a direct and proximate result of one or more of the foregoing careless and negligent acts of The Kroger Co. d/b/a Mariano's, by and through its agents and employees, and as a direct and proximate result of the unsafe, dangerous, defective, and hazardous condition of the

3

water on the floor, Plaintiff was injured; incurred expenses of necessary medical care, treatment, and services; experienced and continues to experience pain and suffering, and experienced and continues to experience loss of a normal life; and lost wages from his employment.

ACCORDINGLY, Plaintiff, Maria Cardenas, requests this court to enter judgment in her favor and against Defendant, The Kroger Co. d/b/a Mariano's, in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus court costs.

_____
Richard C. Sklare

Richard C. Sklare
Sklare Law Group, Ltd.
20 North Clark Street
Suite 1450
Chicago, IL 60602
312.782.2308
Attorney No. 6201948
rsklare@sklarelaw.com

4

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Cour
Electronically Filed
2022LA000237
Filed Date: 4/11/2022 11:45 AM
Envelope: 17443276
Clerk: RMB

## IN THE CIRCUIT COURT OF THE 12TH JUDICIAL CIRCUIT
## WILL COUNTY, JOLIET, ILLINOIS

MARIA CARDENAS,            )
          Plaintiff,       )
                         )    2022LA000237
                         ) No.
    vs.                     )
                         )
THE KROGER CO. d/b/a MARIANO'S   )
          Defendant.    )

### SUPREME COURT RULE 222 AFFIDAVIT

The undersigned, under penalties provided by law pursuant to Section 1-109 of the Illinois

Code of Civil Procedure, certifies that the amount of compensatory damages to be sought in this

matter exceed $50,000.00, plus costs.

Date: ___4|11|22___            Signed: _____
                                            Richard C. Sklare

Richard C. Sklare
**SKLARE LAW GROUP, LTD.**
20 North Clark Street
Suite 1450
Chicago, IL 60602
312.782.2308
Attorney No. 6201948
rsklare@sklarelaw.com

5



# Notice of Service of Process

LDD / ALL
**Transmittal Number: 24819423**
**Date Processed: 04/25/2022**

| | |
|---|---|
| Primary Contact: | Venessa C. Wickline Gribble<br>The Kroger Co.<br>1014 Vine Street<br>Cincinnati, OH 45202-1100 |

| | |
|---|---|
| **Entity:** | The Kroger Co.<br>Entity ID Number 2171751 |
| **Entity Served:** | The Kroger Co. |
| **Title of Action:** | Maria Cardenas vs. The Kroger Co. d/b/a Mariano's |
| **Matter Name/ID:** | Maria Cardenas vs. The Kroger Co. d/b/a Mariano's (12222584) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Will County Circuit Court, IL |
| **Case/Reference No:** | 2022LA000237 |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 04/22/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Sklare Law Group, Ltd.<br>312-782-2308 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com



EXHIBIT

2

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT<br>Will ☑ COUNTY | **SUMMONS** | For Court Use Only |
|---|---|---|

| **Instructions ▼** | | |
|---|---|---|
| Enter above the county name where the case was filed. | Maria Cardenas | |
| | **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v.<br>The Kroger Co. d/b/a Mariano's | **2022LA000237** |
| | **Defendant / Respondent** *(First, middle, last name)* | **Case Number** |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | |

| **IMPORTANT INFORMATION:** | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.<br><br>E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.<br><br>Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org. |
|---|---|
| **Plaintiff/Petitioner:** | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.<br><br>If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent. |

| | | |
|---|---|---|
| In 1a, enter the name and address of a Defendant/Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here. | **1.** **Defendant/Respondent's address and service information:**<br>  a. Defendant/Respondent's primary address/information for service:<br>  Name *(First, Middle, Last):* The Kroger Co.<br>  Registered Agent's name, if any: Illinois Coproration Service Company<br>  Street Address, Unit #: 801 Adlai Stevenson Dr.<br>  City, State, ZIP: Springfield, IL 62703<br>  Telephone: _____ Email: _____ | |
| In 1b, enter a second address for Defendant/Respondent, if you have one. | b. If you have more than one address where Defendant/Respondent might be found, list that here:<br>  Name *(First, Middle, Last):* _____<br>  Street Address, Unit #: _____<br>  City, State, ZIP: _____<br>  Telephone: _____ Email: _____ | |
| In 1c, check how you are sending your documents to Defendant/Respondent. | c. Method of service on Defendant/Respondent:<br>  ☐ Sheriff        ☐ Sheriff outside Illinois: _____<br>                                                      *County & State*<br>  ☑ Special process server        ☐ Licensed private detective | |

Enter the Case Number given by the Circuit Clerk:_____

| | |
|---|---|
| In 2, enter the amount of money owed to you. | **2. Information about the lawsuit:** <br> Amount claimed: $50,000.00 |
| In 3, enter your complete address, telephone number, and email address, if you have one. | **3. Contact Information for the Plaintiff/Petitioner:** <br> Name *(First, Middle, Last)*: Sklare Law Group, Ltd. <br> Street Address, Unit #: 20 N. Clark Street, Suite 1450 <br> City, State, ZIP: Chicago, Illinois 60602 <br> Telephone: (312) 782-2308     Email: rsklare@sklarelaw.com |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| | |
|---|---|
| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*. <br> To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |

| | |
|---|---|
| Check 4a or 4b. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box 4a. Otherwise, if the clerk gives you a court date, check box 4b. | **4. Instructions for person receiving this *Summons* (Defendant):** <br> ☑ a. To respond to this *Summons*, you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served *(not counting the day of service)* by e-filing or at: <br> Address: 57 N. Ottawa St. <br> City, State, ZIP: Joliet, IL 60432 |
| In 4a, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/Response*. | ☐ b. Attend court: <br> On: _____ at _____ ☐ a.m. ☐ p.m. in _____ <br>     *Date*     *Time*              *Courtroom* <br> In-person at: |
| In 4b, fill out: <br> • The court date and time the clerk gave you. <br> • The courtroom and address of the court building. <br> • The call-in or video information for remote appearances (if applicable). <br> • The clerk's phone number and website. All of this information is available from the Circuit Clerk. | _____ <br> *Courthouse Address*  *City*          *State*  *ZIP* <br> **OR** <br> Remotely (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"): <br> By telephone: _____ <br>        *Call-in number for telephone remote appearance* <br> By video conference: _____ <br>             *Video conference website* <br> _____ <br> *Video conference log-in information (meeting ID, password, etc.)* <br> Call the Circuit Clerk at: _____ or visit their website <br>            *Circuit Clerk's phone number* <br> at: _____ to find out more about how to do this. <br>    *Website* |

| | |
|---|---|
| **STOP!** The Circuit Clerk will fill in this section. | Witness this Date: 4/11/2022 11:45 AM <br> Clerk of the Court: *Andrea Lynn Chasteen* |
| **STOP!** The officer or process server will fill in the Date of Service. | This *Summons* must be served within 30 days of the witness date. <br> Date of Service: _____ <br> *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)* |

SU-S 1503.2                     Page 2 of 4                     (06/21)

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|

Will ☑ COUNTY

| **Instructions** | |
|---|---|
| Enter above the county name where the case was filed. | Maria Cardenas |
| | Plaintiff / Petitioner *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | |
| Enter the names of all people you are suing as Defendants/Respondents. | v. |
| | The Kroger Co. d/b/a Mariano's |
| | Defendant / Respondent *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1ˢᵗ Summons issued for this Defendant.)* |

**2022LA000237**

Case Number

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

My name is _____ and I state
*First, Middle, Last*

☐ I served the *Summons* and Complaint/Petition on the Defendant/Respondent
_____ as follows:
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address, Unit#: _____
City, State, ZIP: _____

☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address, Unit#: _____
City, State, ZIP: _____
And left it with: _____
*First, Middle, Last*
Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____
*First, Middle, Last*
Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk: _____

☐ **I was not able to serve the** *Summons* **and Complaint/Petition on Defendant/Respondent:**

*First, Middle, Last* _____

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

**1.** **On this date:** _____ **at this time:** _____ ☐ a.m. ☐ p.m.
   **Address:** _____
   **City, State, ZIP:** _____
   **Other information about service attempt:** _____
   _____
   _____
   _____

**2.** **On this date:** _____ **at this time:** _____ ☐ a.m. ☐ p.m.
   **Address:** _____
   **City, State, ZIP:** _____
   **Other information about service attempt:** _____
   _____
   _____
   _____

**3.** **On this date:** _____ **at this time:** _____ ☐ a.m. ☐ p.m.
   **Address:** _____
   **City, State, ZIP:** _____
   **Other information about service attempt:** _____
   _____
   _____
   _____

| | |
|---|---|
| **DO NOT complete this section. The sheriff or private process server will complete it.** | **If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the** *Proof of Service of Summons* **is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

**By:** _____

*Signature by:* ☐ Sheriff
              ☐ Sheriff outside Illinois: _____

              *County and State*
              ☐ Special process server
              ☐ Licensed private
                detective

**FEES**
Service and Return: $ _____
Miles _____ $ _____
Total $ 0.00

*Print Name* _____

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

⚠ Caution
As of: May 7, 2019 8:57 PM Z

# McCoy v. GMC

United States District Court for the Northern District of Illinois, Eastern Division

October 16, 2002, Decided ; October 17, 2002, Docketed

No. 02 C 4983

**Reporter**
226 F. Supp. 2d 939 *; 2002 U.S. Dist. LEXIS 19751 **

RONALD McCOY, a minor, by his mother and next friend SHERRY WEBB and PHILIP McCLAIN, a minor, by his mother and next friend, MARGIE WEBB and SHERRY WEBB, individually, Plaintiffs, v. GENERAL MOTORS CORP., Defendant.

**Disposition:** [**1] Defendant's motion for reconsideration of order of remand to Circuit Court and reinstate case denied.

## Core Terms

removal, damages, notice, cases, days, jurisdictional amount, permanent injury, Plaintiffs'

## Case Summary

**Procedural Posture**
Plaintiffs, two minors, by their mothers and next of friends, filed a product liability suit against defendant corporation and alleged that injuries caused to them during a car accident resulted from a defect in the corporation's vehicle. The corporation removed the case on the basis of diversity jurisdiction. The case was remanded to state court for failure to timely remove the case. The corporation moved for reconsideration of the remand.

**Overview**
In their complaint, the plaintiffs claimed that each occupant of the vehicle sustained lasting and permanent injuries. Along with its answer to the complaint, the corporation requested an admission from the plaintiffs that they sought damages in excess of $ 75,000, the amount necessary for federal diversity jurisdiction. When the plaintiffs did not respond on time, the corporation filed its notice of removal. The district court remanded the action to state court holding that it was apparent from the face of the complaint that the amount in controversy exceeded $ 75,000. On the corporation's motion for reconsideration, the district court found that U.S. Dist. Ct., N.D. Ill., E. Div., R. 81.2 did not obviate the corporation's responsibility to ascertain from a reasonable and common-sense reading of the complaint whether the action was removable. Since the plaintiffs' complaint alleged severe and permanent injuries, and sought damages for lost income, the corporation surely was on notice that the case was removable and it should have removed the case within 30 days of receipt of the complaint. Because the corporation did not do so, its removal was untimely under 28 U.S.C.S. § 1446(b).

**Outcome**
The corporation's motion to reconsider and reinstate the case was denied.

## LexisNexis® Headnotes



EXHIBIT

3

226 F. Supp. 2d 939, *939; 2002 U.S. Dist. LEXIS 19751, **1

Civil Procedure > ... > Removal > Procedural Matters > General Overview

**HN1[↧] Removal, Procedural Matters**

Removal of a civil action is governed by 28 U.S.C.S. § 1446(b).

Civil Procedure > ... > Removal > Procedural Matters > General Overview

**HN2[↧] Removal, Procedural Matters**

See 28 U.S.C.S. § 1446(b).

Civil Procedure > ... > Diversity Jurisdiction > Amount in Controversy > General Overview

Civil Procedure > ... > Methods of Discovery > Requests for Admissions > General Overview

Civil Procedure > ... > Methods of Discovery > Requests for Admissions > Responses to Requests for Admissions

**HN3[↧] Diversity Jurisdiction, Amount in Controversy**

Removal to the federal district courts in Illinois is aided by U.S. Dist. Ct., N.D. Ill., E. Div., R. 81.2, which provides a procedure for defendants faced with a complaint alleging a damages amount that satisfies the Illinois jurisdictional minimum but is below the federal jurisdictional amount in controversy. U.S. Dist. Ct., N.D. Ill., E. Div., R. 81.2 requires removing defendants to file along with their notice of removal: (1) a statement that the defendant in good faith believes the amount in controversy exceeds the jurisdictional amount; and (2) a response by the plaintiff to an interrogatory or request for admission stating that the damages sought exceeds $ 75,000.

Civil Procedure > ... > Removal > Procedural Matters > General Overview

Civil Procedure > ... > Removal > Specific Cases Removed > General Overview

**HN4[↧] Removal, Procedural Matters**

The United States District Court for the Northern District of Illinois, Eastern Division finds that U.S. Dist. Ct., N.D. Ill., E. Div., R. 81.2 does not obviate a defendant's responsibility to ascertain from a reasonable and common-sense reading of the complaint whether an action is removable. Nor does U.S. Dist. Ct., N.D. Ill., E. Div., R. 81.2 provide a safe harbor that encourages the defendant to wait for discovery responses that simply confirm what was obvious from the face of the complaint; in such cases, the defendant is not insulated from a remand to state court.

Civil Procedure > ... > Diversity Jurisdiction > Amount in Controversy > General Overview

Torts > ... > Compensatory Damages > Types of Losses > Permanent Injuries

Civil Procedure > ... > Removal > Procedural Matters > General Overview

**HN5[↧] Diversity Jurisdiction, Amount in Controversy**

226 F. Supp. 2d 939, *939; 2002 U.S. Dist. LEXIS 19751, **1

Courts have routinely held that when a plaintiff alleges serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiff's damages exceed the jurisdictional amount, thus triggering the 30-day removal period under the first sentence of 28 U.S.C.S. § 1446(b).

Civil Procedure > ... > Removal > Procedural Matters > Time Limitations

Governments > Courts > Rule Application & Interpretation

Civil Procedure > ... > Removal > Procedural Matters > General Overview

HN6[⬇] Procedural Matters, Time Limitations

The United States District Court for the Northern District of Illinois, Eastern Division finds that to the extent that U.S. Dist. Ct., N.D. Ill., E. Div., R. 81.2 provides the exclusive procedure by which a defendant may remove Illinois state complaints that lack an express ad damnum clause, it impermissibly contravenes the federal removal statute. A local rule may not limit or contravene the plain language and intent of a federal statute. Fed. R. Civ. P. 83. The first sentence of 28 U.S.C.S. § 1446(b) does not specifically define what triggers removability in the initial complaint, but the intent of the 30-day time limit for removal is to resolve the issue of removal as soon as possible and allow the case to proceed without fear of uprooting the proceedings and transplanting them elsewhere. Although the 30-day time limit in 28 U.S.C.S. § 1446(b) is not jurisdictional, it is mandatory and strictly applied. The defendant bears the burden of establishing removability, and all doubts about federal jurisdiction are resolved in favor of remand to state court. By mandating an exclusive procedure by which defendants must remove a particular class of complaints in Illinois, a procedure that can never satisfy the 30-day initial-pleading time limit under § 1446(b), Rule 81.2 interferes with the federal removal statute's policy of expediting proceedings in the appropriate forum.

**Counsel:** For RONALD MCCOY, PHILLIP MCLAIN, plaintiffs: Timothy R. Tyler, Tyler & Porter, Chicago, IL.

For GENERAL MOTORS CORPORATION, defendant: Louis Anthony Lehr, Mai Lin Petrine Noffke, Lord, Bissell & Brook, Chicago, IL.

**Judges:** Ruben Castillo, Judge, United States District Court.

**Opinion by:** Ruben Castillo

## Opinion

[*940] **MEMORANDUM OPINION AND ORDER**

Plaintiffs filed a product liability suit in the Circuit Court of Cook County, Illinois, against defendant General Motors Corporation ("General Motors"), alleging that injuries caused to the minor plaintiffs during a car accident resulted from a defect in a General Motors vehicle. General Motors removed the case to federal court on the basis of diversity jurisdiction. This Court remanded the case to state court for failure to timely remove the case. General Motors now moves for reconsideration of the remand. For the reasons set out herein, we deny General Motors' motion. (R. 6-1.)

RELEVANT FACTS

On April 12, 2002, Plaintiffs filed a product liability complaint in the Circuit Court of Cook County. Plaintiffs allege that the brakes [**2] on their General Motors' vehicle failed causing the vehicle to crash into an oncoming car.

226 F. Supp. 2d 939, *940; 2002 U.S. Dist. LEXIS 19751, **2

Plaintiffs claim that each occupant of the vehicle sustained "lasting and permanent injuries" and other damages including "severe pain, emotional distress, disability, lost value and enjoyment of life, future loss of income, medical expenses, loss of normal life, disfigurement and paralysis." (R. 1, Notice of Removal, Ex. A, Compl. PP 10, 13.) In accordance with the Illinois Rules of Civil Procedure, which prohibit express *ad damnum* clauses in personal injury complaints, Plaintiffs requested damages for each count only in the amounts necessary to comply with Illinois Circuit Court's rules of assignment (in this case $ 50,000). 735 ILCS § 5/2-604.

On May 20, 2002, General Motors filed an answer to the complaint and simultaneously requested an admission from the plaintiffs that they were seeking damages in excess of $ 75,000, the amount necessary for diversity jurisdiction in federal court. *See* 28 U.S.C. § 1332. Plaintiffs' response was due on or before June 17, 2002. The information requested would be deemed admitted if Plaintiffs did not respond by that date. [**3] *See* Ill. Sup. Ct. R. 216. Plaintiffs did not respond until July 3. On July 15, 2002, within 30 days after the due date of the response to the request for admission, as well as within 30 days of Defendant's actual receipt of the plaintiffs' admission that their alleged damages exceeded $ 75,000, General Motors filed its notice of removal. This Court remanded the action to the Circuit Court of Cook County, holding that it was apparent from the face of Plaintiffs' complaint that the amount in controversy exceeded the $ 75,000 jurisdictional minimum. Defendant timely filed the instant motion to reconsider.

## ANALYSIS

HN1[⬆] Removal is governed by 28 U.S.C. § 1446(b), HN2[⬆] which states in pertinent part:

The notice of removal of a civil action or proceeding shall be filed within thirty [*941] days after the receipt by the defendant . . . of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . . If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which [**4] it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).

HN3[⬆] Removal to the federal district courts in Illinois also is aided by Local Rule 81.2, which provides a procedure for defendants faced with a complaint alleging a damages amount that satisfies the Illinois jurisdictional minimum but is below the federal jurisdictional amount in controversy. Local Rule 81.2 requires removing defendants to file along with their notice of removal: (1) a statement that the defendant in good faith believes the amount in controversy exceeds the jurisdictional amount; and (2) a response by plaintiff to an interrogatory or request for admission stating that the damages sought exceeds $ 75,000.

General Motors argues in its motion to reconsider that its removal was proper and timely because it complied with the procedure outlined in Local Rule 81.2. But HN4[⬆] we do not believe that this Local Rule obviates a defendant's responsibility to ascertain from a reasonable and common-sense reading of the complaint whether the action is removable. *Roberson v. Orkin Exterminating Co.*, 770 F. Supp. 1324, 1328-29 (N.D. Ind. 1991). [**5] Nor does the Local Rule provide a safe harbor that encourages defendants to wait for discovery responses that simply confirm what was obvious from the face of the complaint; in such cases, defendants are not insulated from a remand to state court. *See, e.g., Century Assets Corp. v. Solow*, 88 F. Supp. 2d 659, 662 (E.D. Tex. 2000) (rejecting on policy grounds defendant's argument that cases are not removable until there has been an absolute affirmation via discovery request that more than $ 75,000 was in issue).

In this case, as this Court noted in its initial minute order remanding this case, it is obvious from a common-sense reading of the complaint that Plaintiffs were seeking in excess of $ 75,000 in damages. Plaintiffs alleged that they suffered "lasting and permanent injuries" and incurred bills related to "medical, surgical, hospital, and nursing care for their injuries" as well as "[lost] wages and profits which they otherwise would have earned and acquired." (R. 1, Notice of Removal, Ex. A, Compl. PP 10, 13.) Plaintiffs further claimed that they suffered "severe pain, emotional distress, disability, lost value and enjoyment of life, future loss of income, [**6] medical expenses, loss of normal life, disfigurement and paralysis." (*Id.* at P 13.) In the parlance of product liability suits, these statements should

226 F. Supp. 2d 939, *941; 2002 U.S. Dist. LEXIS 19751, **6

sound warning bells in defendants' ears that significant damages are sought. Indeed, HN5[↑] courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount, thus triggering the 30-day removal period under the first sentence of § 1446(b). See Huntsman Chem. Corp. v. Whitehorse Tech., 1997 U.S. Dist. LEXIS 13282, 1997 WL 548043, at *5 (N.D. Ill. Sept. 2, 1997). See also Carleton v. CRC Indus., Inc., 49 F. Supp. 2d 961, 962 (S.D. Tex. 1999) (concluding that it was "undeniably facially apparent" that plaintiff's damages exceeded $ 75,000 because he alleged that he contracted leukemia from defendant's chemicals); Roberson, 770 F. Supp at 1329; Turner v. Wilson Foods Corp., 711 F. Supp. 624, 626 [*942] (N.D. Ga. 1989) (holding that allegations in complaint that plaintiff suffered severe burns, permanent scarring, pain and suffering, and [**7] medical expenses provided defendant with sufficient information to ascertain removability); Mielke v. Allstate Ins. Co., 472 F. Supp. 851, 853 (E.D. Mich. 1979) ("there is no reason to allow a defendant additional time if the presence of grounds for removal are unambiguous in light of the defendant's knowledge and the claims made in the initial complaint"); Lee v. Altamil Corp., 457 F. Supp. 979, 981 (M.D. Fla. 1978); Horak v. Color Metal of Zurich, 285 F. Supp. 603, 606 (D.N.J. 1968) (holding that where complaint alleges that plaintiff suffered loss of right arm, defendant on notice that claim exceeds jurisdictional amount). But cf. Height v. Southwest Airlines, Inc., 2002 U.S. Dist. LEXIS 13880, 2002 WL 1759800, at *4 (N.D. Ill. July 29, 2002); Ford v. Mannesmann Dematic Corp., 2000 U.S. Dist. LEXIS 14560, 2000 WL 1469371, at *3 (N.D. Ill. Oct. 2, 2000); Abdishi v. Phillip Morris, Inc., 1998 U.S. Dist. LEXIS 8640, 1998 WL 311991, *3 (N.D. Ill. June 4, 1998). [1] Thus, because plaintiffs, two of whom are minors, alleged severe and permanent injuries, including paralysis, and sought damages for lost income General Motors surely [**8] was on notice that the case was removable and it should have removed the case within 30 days of receipt of the complaint. [2]

[**9] Moreover, HN6[↑] to the extent that Local Rule 81.2 provides the exclusive procedure by which defendants may remove Illinois state complaints that lack an express ad damnum clause, we believe that it impermissibly contravenes the federal removal statute. A Local Rule may not limit or contravene the plain language and intent of a federal statute. See Fed. R. Civ. P. 83 ("[a] local rule shall be consistent with -- but not duplicative of -- Acts of Congress"); 28 U.S.C. § 2071(a) (local court rules "shall be consistent with Acts of Congress"); United States v. Claros, 17 F.3d 1041, 1044-45 (7th Cir. 1994) (stating that "[a] local rule may not be inconsistent with the Constitution, a statute of the United States, or with a national rule governing the conduct of litigation in the United States courts"). The first sentence of § 1446(b) does not specifically define what triggers removability in the initial complaint, but the intent of the 30-day time limit for removal is "to resolve the issue of removal as soon as possible and allow the [*943] case to proceed . . . without fear of uprooting the proceedings and transplanting them elsewhere." [**10] See Huntsman, 1997 U.S. Dist. LEXIS 13282, 1997 WL 548043, at *5. Although the 30-day time limit in § 1446(b) is not jurisdictional, it is mandatory and strictly applied. Dorazio v. UAL Corp., 2002 U.S. Dist. LEXIS 18809, 2002 WL 31236290, at *3 (N.D. Ill. Oct. 2, 2002). See also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 85 L. Ed. 1214, 61 S. Ct. 868 (1941). The defendant bears the burden of establishing removability, and all doubts about federal jurisdiction are resolved in favor of remand to state court. Perry v. Willis,

---

[1] We recognize that our holding in this case conflicts with recent opinions of some of our district court colleagues. We believe, however, that those cases are distinguishable on their facts, especially since the plaintiffs in those cases were not minors, and did not plead the same serious, permanent injuries, paralysis and loss of income as the plaintiffs in this case. Moreover, as discussed below, our decision in this case stems from our fundamental disagreement with the premise, apparently assumed in those other cases, that the blanket application of Local Rule 81.2 is required in all cases removed from Illinois state court where an express ad damnum is lacking.

[2] We are cognizant that the interplay between the Illinois statute forbidding an ad damnum in personal injury actions and the $ 75,000 jurisdictional minimum of 28 U.S.C. § 1332 may create confusion or subject defendants to the burden of either multiple removals or an untimely removal. But the potential burden of multiple removals is no more inefficient than filing an answer and discovery requests prior to seeking removal. Moreover, oftentimes a defendant's initial removal will be sufficient because the federal court will agree with the defendant's good-faith appraisal of the damages sought in the complaint. Even if a defendant prematurely removes a case based on his mistaken, but good-faith, belief that an action meets the jurisdictional amount, he is not prejudiced in federal court because there is no prohibition on a subsequent removal if the action later meets federal diversity jurisdiction requirements. See Benson v. SI Handling Sys., Inc., 188 F.3d 780, 782 (7th Cir. 1999).

226 F. Supp. 2d 939, *943; 2002 U.S. Dist. LEXIS 19751, **10

110 F. Supp. 2d 1197, 1198 (E.D. Mo. 2000). By mandating an exclusive procedure by which defendants must remove a particular class of complaints in Illinois, a procedure that can never satisfy the 30-day initial-pleading time limit under § 1446(b), Local Rule 81.2 interferes with the federal removal statute's policy of expediting proceedings in the appropriate forum. Accordingly, we doubt the Local Rule's general applicability as an exclusive mode of removal in Illinois, as well as its specific application in this case.

For the foregoing reasons, we hold that the removability of Plaintiffs' suit was obvious from the face [**11] of the complaint, and that therefore General Motors should have removed the case within 30 days of receiving the initial complaint. Because it did not do so, its removal was untimely under 28 U.S.C. § 1446(b), and therefore Defendant's motion to reconsider and reinstate the case is denied. (R. 6-1.)

**ENTERED:**

**Judge Ruben Castillo**

**United States District Court**

**Dated: October 16, 2002**

End of Document

No Shepard's Signal™
As of: May 7, 2019 9:03 PM Z

## Varkalis v. Werner Co.

United States District Court for the Northern District of Illinois, Eastern Division

August 18, 2010, Decided; August 18, 2010, Filed

No. 10 C 03331

**Reporter**
2010 U.S. Dist. LEXIS 84870 *; 2010 WL 3273493

MARY VARKALIS, as Independent Administrator of the Estate of MICHAEL VARKALIS, Plaintiff, v. WERNER CO. & LOWE'S HOME CENTER INC., d/b/a LOWE'S Defendants.

## Core Terms

removal, notice, amount in controversy, days, original complaint, diverse

**Counsel:** [*1] For Mary Varkalis, estate of Michael Varkalis, Plaintiff: Martin A. Dolan, Dolan Law Offices, P.C., Chicago, IL.

For Werner Co., Lowe's Home Centers, doing business as Lowe's, Defendants: Michael Joseph Meyer, LEAD ATTORNEY, Eric Franklin Long, Stephen Sloan Weiss, Tribler Orpett and Meyer, P.C., Chicago, IL.

**Judges:** Blanche M. Manning, United States District Judge.

**Opinion by:** Blanche M. Manning

## Opinion

### MEMORANDUM AND ORDER

The defendants removed the instant lawsuit from the Circuit Court of Cook County and the plaintiff has filed a motion to remand. For the reasons stated below, the motion is granted.

### I. FACTS

Defendant Werner Co. ("Werner") allegedly manufactured and designed a nine-foot fiberglass stepladder sold by Defendant Lowe's Home Centers Inc. ("Lowe's"). On or around December 21, 2008, Michael Varkalis was using the stepladder in his garage when it buckled and Michael fell and struck his head on the garage floor. He suffered irreversible brain damage and died on August 18, 2009.

### II. PROCEDURAL HISTORY

On March 15, 2010, Mary Varkalis, as independent administrator of Michael Varkalis's estate, filed a seven-count complaint in the Circuit Court of Cook County, Illinois, alleging product liability, negligence, [*2] breach of warranty, and a Survival Act claim. Specifically, the plaintiff alleged that "[w]hile Mr. Varkalis was on the ladder, it buckled, causing him to fall with great force and violence to the ground below." Comp. at P6. The complaint further alleged that "as a direct and proximate result of the ladder bucking, Michael Varkalis was severely injured, sustaining

2010 U.S. Dist. LEXIS 84870, *2

irreversible brain damage which led to his death on August 18, 2009." *Id.* at P7. The defendants, Werner and Lowe's, were properly served on March 22, 2010, and March 24, 2010, respectively.

On April 19, 2010, the defendants filed answers and affirmative defenses to the plaintiff's complaint. In addition, they filed a motion to dismiss counts III and VI on the ground that the plaintiff should have filed separate causes of action for breach of express and implied warranties given that separate recovery was available under each. In response to the motion to dismiss, on May 19, 2010, the plaintiff filed an amended complaint removing the word "express" from Counts III and VI, and proceeding only with the breach of implied warranty cause of action against each of the defendants.

On June 1, 2010, the defendants filed a request to [*3] admit facts whereby they requested that the plaintiff admit that she sought to recover from the defendants an amount in excess of $75,000, exclusive of interests and costs. One day later, on June 2, 2010, the defendants removed the case to this court pursuant to the court's diversity jurisdiction. The plaintiff then filed the instant motion to remand on the ground that the removal was untimely.

III. ANALYSIS

A. Standard for Removal

28 U.S.C. § 1446(b) states that a notice of removal must "be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth the claim for relief upon which such action or proceedings is based." 28 U.S.C. § 1446(b). Any procedural defect in a case being removed to federal court must be remanded to the state court. *Disher v. Citigroup Global Mkts., Inc.,* 487 F. Supp. 2d 1009, 1015 (S.D. Ill. 2007)("where there is doubt as to whether the requirements have been satisfied, the case should be remanded.")(internal citations omitted). Under 28 U.S.C. § 1446(b), a defendant may file a notice of removal within thirty days from receipt of an amended pleading. *See, e.g., Benson v. SI Handling Systems, Inc.,* 188 F.3d 780, 782 (7th Cir. 1999)(citing [*4] 28 U.S.C. §1446(b)). However, this general rule applies only when the original complaint is not removable. *Mortgage Elec. Registration Sys. v. Rothman,* No. 04 C 5340, 2005 U.S. Dist. LEXIS 12270, 2005 WL 497794, at *5 (N.D. Ill. Feb. 28, 2005).

B. Amount in Controversy

The plaintiff contends that removal was improper as a matter of law because the defendants did not file the notice of removal within thirty days of service of the original complaint, which was April 21, 2010. Instead, the defendants filed their notice of removal on June 2, 2010, and maintain that it was timely regardless of the fact that the filing date was over sixty days from notice of the original complaint. According to what the court understands the defendants to be arguing, it was only when they received the amended complaint that they became aware of the possibility for removal because the amount in controversy alleged in the original complaint was not sufficient to trigger diversity jurisdiction. [1]

---

[1] It is difficult to decipher exactly what the defendants' argument is in response to the motion to remand. While on the one hand they cite to caselaw stating that a defendant may remove within 30 days after receiving a copy of an amended pleading [*5] from which it may first be ascertained that the case is one which is removable, they also argue that they "technically *still* have not received a pleading, motion, order, or 'other paper' to confirm that this case is removable" and thus, "one could argue that this case is not yet ripe for removal." Response at 2, Dkt. #12 (emphasis in original). They go on to argue that "[h]owever, because plaintiff has not contested the removal on the amount in controversy issue [and instead challenges only as to timeliness], the Court can reasonably assume that she will seek more than $75,000." *Id.* Either way, both of the defendants' arguments fail for the reasons described later in this order.

Page 2 of 4

2010 U.S. Dist. LEXIS 84870, *5

Diversity jurisdiction exists where the parties are diverse and where the amount in controversy exceeds $75,000, not including interest and costs. See 28 U.S.C. § 1332(a). There is no dispute that the parties are diverse; rather, the defendants argue that the plaintiff did not adequately state an amount in controversy that would have put the defendants on notice of the possibility for removal to federal court. According to the defendants, the original and amended complaint were ambiguous because they sought [*6] only "a sum in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County," which amounts to $50,000.

Generally, when a complaint does not express the ed damnum in excess of $75,000, the defendant may file its removal notice within thirty days from the plaintiff's admission that they are seeking more than $75,000. Height v. Southwest Airlines, Inc., No. 02 C 2854, 2002 U.S. Dist. LEXIS 13880, 2002 WL 1759800, **2-3 (N.D. Ill. Jul. 29, 2002); Abdishi v. Phillip Morris, Inc., No. 98 C 1310, 1998 U.S. Dist. LEXIS 8640, 1998 WL 311991, at *1-3 (N.D. Ill. June 4, 1998). In this case, on June 1, 2010, the defendants filed a request to admit facts to establish that the amount in controversy exceeded $75,000, but did not wait for a response before filing the notice of removal.

A defendant must employ "a reasonable and commonsense reading" of the complaint to determine removability. RBC Mortgage Comp. v. Couch, 274 F. Supp. 2d 965, 969 (N.D. Ill. 2003)(citing McCoy v. GMC, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002)). A "defendant [is barred from] circumvent[ing] the thirty-day time limit for removal when it is obvious that a complaint states a claim for damages in excess of $75,000, even though it is not explicitly [*7] stated in its ed damnum clause." Gallo v. Homelite Consumer Prods., 371 F. Supp. 2d 943, 947 (N.D. Ill. 2005). Absolute confirmation of the amount in controversy is not necessary where the "plaintiffs allege serious, permanent injuries and significant medical expenses" which exceed $75,000 on the face of the complaint. Fields v. Jay Henges Enters., No. 06-323-GPM, 2006 U.S. Dist. LEXIS 47948, 2006 WL 1875457, at *3 (S.D. Ill. June 30, 2006). See also RBC Mortgage Co., 274 F. Supp. 2d at 969 (complaints alleging "serious, permanent injuries" are "unambiguous[ly]" ripe for removal because the plaintiff almost certainly will seek more than $75,000)(citation omitted); McCoy, 226 F. Supp. 2d at 941 (the 30-day removal period under the first sentence of § 1446(b) is triggered when the complaint alleges "serious, permanent injuries and significant medical expenses, [and] it is obvious from the face of the complaint that the plaintiffs' damages exceed[] the jurisdiction[al] amount").

Under this standard, the allegations in the original complaint sufficiently alleged the types of serious, permanent injuries to place the defendants on notice that the plaintiff will "almost certainly" seek more than $75,000 such that the [*8] defendants could have removed the complaint. The defendants may not restart the tolling clock by requiring absolute certainty of the amount in controversy. Fields, No. 06-323-GPM, 2006 U.S. Dist. LEXIS 47948, 2006 WL 1875457, at *7 ("defendants should never . . . be able to toll the removal clock indefinitely through reliance on the discovery process to establish jurisdictional prerequisites with absolute certainty"). See also Huntsman Chem. Corp. v. Whitehorse Techs., No. 97 C 3842, 1997 U.S. Dist. LEXIS 13282, 1997 WL 548043, at *5 (N.D. Ill. Sept. 2, 1997)(citing Mielke v. Allstate Ins. Co., 472 F. Supp. 851, 853 (D.C. Mich. 1979)("there is no reason to allow a defendant additional time if the presence of grounds for removal are unambiguous in light of the defendant's knowledge and the claims made in the initial complaint."). Because the removal was untimely, the plaintiff's motion to remand the case to state court is granted. [2]

## IV. CONCLUSION

For the reasons stated [*9] above, the motion to remand the case to the Circuit Court of Cook County [8-1] is granted. The clerk is directed to remand this matter forthwith.

ENTER: August 18, 2010

/s/ Blanche M. Manning

---

[2] The plaintiff alternatively argues that the defendants waived their right to remove the case based on their filing of a partial motion to dismiss in state court. Because the court concludes that the removal was untimely, it need not address this alternative basis for remand.

Page 3 of 4

2010 U.S. Dist. LEXIS 84870, *9

**Blanche M. Manning**

**United States District Judge**

---

End of Document